UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FULVIO JOSEPH GENTILI,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>Defendant. | Case No. 21-CV-11803-AK |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**

**A. KELLEY, D.J.**

This is a real property dispute in which Plaintiff Fulvio J. Gentili ("Mr. Gentili"), representing himself, brings constitutional claims against the Commonwealth of Massachusetts ("the Commonwealth") arising from easement-related proceedings in the Massachusetts state courts. The Commonwealth has moved to dismiss for lack of subject-matter jurisdiction. Because the Commonwealth is immune from Mr. Gentili's claims, and because the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to review an unfavorable state court judgment, the Commonwealth's motion will be **GRANTED**, and this action will be dismissed with prejudice.

I. **FACTUAL & PROCEDURAL BACKGROUND**

Mr. Gentili and his associated trusts have been litigating claims, in various courts, concerning a parcel of property at 209 Charlton Road in Sturbridge, Massachusetts ("the

1

Property") against government defendants since 2015. [Dkt. 1 at ¶ 11–28]. The Property comprises approximately one acre of undeveloped land zoned for commercial use. Gentili v. Town of Sturbridge, No. 4:20-cv-40062-TSH, 2021 WL 3516488, at *1 (D. Mass. Aug. 10, 2021). The Renato Gentili Family Trust ("the Trust"), of which Mr. Gentili is both beneficiary and trustee, is the record titleholder of the property. Id.

The Property litigation has concerned the Town of Sturbridge's ("the Town") discharge of stormwater onto the Property. Since at least the 1930's, the Town has used a culvert to direct stormwater onto the Property to prevent flooding on an adjacent public roadway. Id. In 1987, the Town replaced an older culvert with the culvert currently in use. Id. In 2015, the Town's Director of Public Works stated that, in his opinion, the Town had acquired a prescriptive easement to discharge stormwater over the property, as more than 20 years had elapsed since the Town began using the 1987 culvert to discharge water. Id. at *2.

The Trust responded to the Town's assertion of easement rights by filing suit in Massachusetts Land Court in December 2015, seeking a declaration that the Town had no prescriptive easement or other right to discharge water onto the Property, and compensation for a taking under both Massachusetts and federal constitutional provisions. Id. at *2–3. In January 2018, the Land Court held that the Town had acquired multiple overlapping easements over the Property, including, saliently, an easement to keep and maintain the 1987 culvert and to discharge stormwater through the culvert and onto the Property. Id. at *3 (citing Gentili v. Town of Sturbridge, No. 15 MISC 000570 (MDV), 2018 WL 446353, at *6 (Mass. Land Ct. Jan. 10, 2018)). Because the Land Court lacks jurisdiction over takings claims, it could not fully address the remainder of the Trust's claims. Id.

2

The Trust promptly filed suit in Massachusetts Superior Court following the Land Court's ruling, reasserting its takings claims for just compensation for the prescriptive easement, and asserting additional claims for attorney fees and costs, the loss of the Property's value, and reimbursement of property taxes.  Id.  The Superior Court held that no taking had occurred and no compensation was warranted, reasoning that the Trust had lost its property rights through its own inaction, a scenario which does not give rise to a takings claim under either Massachusetts or federal law.  Id. at *4 (citing Gentili v. Town of Sturbridge, No. 1885CV00721-A, 2019 WL 11276388, at *1 (Mass. Super. Ct. Feb. 28, 2019)).  On *sua sponte* direct appeal, the Supreme Judicial Court affirmed the Superior Court in a reasoned opinion.  Id. (citing Gentili v. Town of Sturbridge, 140 N.E.3d 391, 391 (Mass. 2020)).

Mr. Gentili next filed suit, both individually and in his capacity as trustee of the trust, in the Worcester Division of this Court, alleging that the Town had violated his Fifth and Fourteenth Amendment rights and seeking compensation for loss of the Property's value, attorney fees, and property taxes pursuant to 42 U.S.C. § 1983.  Id.  In August 2021, Judge Hillman granted summary judgment for the Town, finding that Mr. Gentili's claims against the Town—previously litigated to conclusion in the Massachusetts courts—were barred by both the *Rooker-Feldman* doctrine and the common-law principle of claim preclusion.  Id. at *9.

Mr. Gentili then proceeded to file the instant complaint for declaratory and monetary relief in the Boston Division of this Court, this time naming the Commonwealth, rather than the Town, as the defendant.  As before, Mr. Gentili brings a takings claim pursuant to the Fifth and Fourteenth Amendments.  Mr. Gentili has also added an Excessive Fines Clause claim pursuant to the Eighth and Fourteenth Amendments.  However, Mr. Gentili now charges the Supreme Judicial Court, as an entity of the Commonwealth, as the body responsible for his deprivation of

rights. The Commonwealth timely moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim.

## II. DISCUSSION

As always, the question of the Court's jurisdiction takes precedence. The party asserting federal jurisdiction is responsible for establishing that such jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001). "The existence of subject-matter jurisdiction 'is never presumed,'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)), and federal courts "have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress," Esquilín–Mendoza v. Don King Productions, Inc., 638 F.3d 1, 3 (1st Cir. 2011); see also CE Design Ltd. v. Am. Econ. Ins. Co., 755 F.3d 39, 43 (1st Cir. 2014) (describing federal courts' "responsibility to police the border of federal jurisdiction" (citation omitted)).

When a party has moved for dismissal based on lack of subject matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Kersey v. Prudential Ins. Agency, LLC, No. 15-CV-14186-GAO, 2017 WL 5162006, at *6 (D. Mass. Feb. 3, 2017) (quoting Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quotations and citations omitted)). Moreover, "it is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading." Id. (quoting PCS 2000 LP v. Romulus Telcomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998)).

Here, the Commonwealth alleges, first, that Mr. Gentili has failed to establish that Congress has abrogated the Commonwealth's sovereign immunity and thus conferred jurisdiction over these claims on this Court, and second, that the *Rooker-Feldman* doctrine

4

proscribes the Court's Article III jurisdiction over this case.  The Court addresses each argument in turn.

### A. Sovereign Immunity

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State."  U.S. Const, amd. XI.  However, although commonly referred to as "Eleventh Amendment immunity," immunity from suit is "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today."  Alden v. Maine, 527 U.S. 706, 713 (1999).  At the time of the Founding, the Framers of the federal Constitution "understood the Constitution as drafted to preserve the States' immunity from private suits," id. at 718; indeed, "[t]he Constitution never would have been ratified if the States and their courts were to be stripped of their sovereign authority except as expressly provided by the Constitution itself," Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239 n.2 (1985).  Accordingly, the principle of state sovereign immunity as a fundamental limitation of the jurisdiction Congress may confer on the federal courts is broader than "the literal text of the Eleventh Amendment," and requires a court to look to "history and experience, and the established order of things."  See Alden, 527 U.S. at 727 (quoting Hans v. Louisiana, 134 U.S. 1, 14 (1890)); Maysonet-Robles v. Cabrero, 323 F.3d 43, 53 (1st Cir. 2003).

There are two exceptions to the jurisdictional bar of state sovereign immunity under which a federal court may hear claims brought by an individual against a State.  First, "Congress may abrogate a State's immunity by authorizing such a suit pursuant to a valid exercise of power."  Maysonet-Robles, 323 F.3d at 49.  And second, "a State may waive its sovereign

immunity by consenting to be sued in federal court." Id.  Although a State bears the initial burden of proving that sovereign immunity applies, Pastrana-Torres v. Corporacion De P.R. Para La Difusion PUBLICA, 460 F.3d 124, 126 (1st Cir. 2006), the plaintiff bears the burden of proving that immunity has been abrogated or otherwise waived, Mahon v. United States, 742 F.3d 11, 14 (1st Cir. 2014).

Here, sovereign immunity clearly applies to each of Mr. Gentili's claims, as he directly seeks declaratory and monetary relief against the Commonwealth.  It is well-settled law that the Declaratory Judgment Act, the basis for Mr. Gentili's first claim, is subject to a sovereign immunity defense.  Muirhead v. Mecham, 427 F.3d 14. 17 n.1 (1st Cir. 2005); Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1230 (1st Cir. 1996).  Mr. Gentili's claim for money damages likewise triggers the Commonwealth's sovereign immunity.  Kentucky v. Graham, 473 U.S. 159, 169 (1985); Coggeshall v. Massachusetts Bd. of Registration of Psych.s, 604 F.3d 658, 662 (1st Cir. 2010).

Accordingly, Mr. Gentili bears the burden to establish that Congress has abrogated the Commonwealth's immunity, or that the Commonwealth has consented to be sued.  He can do neither.  Regarding his claim for a declaratory judgment, Mr. Gentili points to no provision of the Declaratory Judgment Act—or any other statute—that suggests Congress has abrogated the Commonwealth's immunity in this area.  Rather, Mr. Gentili relies on inapposite citations to cases in which a plaintiff has sought declaratory or injunctive relief against a government official.  These cases—Ex Parte Young, 209 U.S. 123 (1908), and its progeny—do not apply where, as here, a sovereign State is named as the defendant rather than an individual government official.  Further, regarding his claim for money damages, Mr. Gentili cites numerous examples of Massachusetts courts awarding property owners the type of relief he seeks, but cannot point

to—and the Court is not aware of—a single case where a *federal* court has exercised subject-matter jurisdiction over this type of land-use dispute between an individual and a State after the State has asserted a defense of immunity. That the Massachusetts courts are a potentially available forum for these claims (and, indeed, *were* an available forum to Mr. Gentili in his unsuccessful state-court litigation) is of no bearing on this Court's analysis: Mr. Gentili fails to identify any precedent by which this Court could find that the Commonwealth's immunity has been abrogated or waived with respect to any of his claims.

Ordinarily, a finding that state sovereign immunity bars each of a plaintiff's claims would end the Court's analysis. However, in possible anticipation of this ruling, Mr. Gentili has sought leave to amend his complaint by substituting the Town of Sturbridge as the defendant on his claim for money damages under Section 1983 and the Fifth, Eighth, and Fourteenth Amendments. Accordingly, we proceed to examine whether such an amendment would run afoul of the *Rooker-Feldman* doctrine.

### B. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine "provides that the district courts lack jurisdiction over any action that is effectively or substantially an appeal from a state court's judgment." Badillo-Santiago v. Naveira-Merly, 378 F.3d 1, 6 (1st Cir. 2004). The Rooker-Feldman doctrine is a jurisdictional bar, id.; federal district courts do not have jurisdiction to review the judgment of a state court because, within the federal system, that power of appellate review is vested exclusively in the Supreme Court, see Bernath v. Potato Servs. of Mich., 300 F. Supp. 2d 175, 180 (D. Maine 2004). *Rooker-Feldman* is a doctrine of issue preclusion, and applies with no greater force than the relevant state court would apply to its own judgments. See id.

The doctrine here bars any further litigation of Mr. Gentili's claims. Mr. Gentili's substitution of the Town of Sturbridge for the Commonwealth as a defendant would be relitigation not only of his state court proceedings against the Town, but also of his earlier unsuccessful proceedings against the Town in the Worcester Division of this Court. As Judge Hillman explained there, in holding that Mr. Gentili's claims against the Town were barred by the *Rooker-Feldman* doctrine:

> Plaintiff is the same state-court loser who, injured by the SJC's final ruling that a prescriptive easement is not a taking for the purposes of the Fifth Amendment, seeks to reverse that decision here in federal court. The SJC's decision and its denial of the motion for reconsideration were both issued before Plaintiff initiated the federal action, and there is no independent claim. Plaintiff overtly seeks to overturn the SJC's Fifth Amendment decision by supplying the Court with what it considers to be more favorable federal precedent than the federal case that the SJC relied upon. There is no denying that Plaintiff is asking this court to do what it cannot—review and reverse an unfavorable state-court judgment. Plaintiff's claim is barred by the Rooker-Feldman doctrine.

Gentili v. Town of Sturbridge, No. 4:20-cv-40062-TSH, 2021 WL 3516488, at *8–9 (D. Mass. Aug. 10, 2021).

A year later, Judge Hillman's reasoning applies with equal force to Mr. Gentili's renewed claims, and this Court is likewise without jurisdiction to hear any takings-related claims against the Town following his exhaustion of these claims in the Massachusetts state courts.[1]

### III.   CONCLUSION

Because the Court is without subject-matter jurisdiction to review any of Mr. Gentili's claims against either the Commonwealth, or in the alternative, the Town, it need not reach the Commonwealth's motion to dismiss for failure to state a claim. The Commonwealth's motion to

---

[1] To the extent Mr. Gentili seeks to amend his complaint to assert an excessive fines claim under the Eighth Amendment against the Town arising out of his easement dispute, that claim—although not raised in his Worcester Division action—would likewise be barred by the *Rooker–Feldman* doctrine, because, like his Fifth Amendment claim, it seeks relief from the state court's decision to award him no monetary compensation for the Town's stormwater easement over the Property. See, e.g., Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").

8

dismiss for lack of subject-matter jurisdiction is **GRANTED** and this action is **DISMISSED** with prejudice.

    **SO ORDERED.**

July 20, 2022                                                                                               /s/ Angel Kelley
                                                                                                      ANGEL KELLEY
                                                                                                   U.S. DISTRICT JUDGE